**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TOLEKSIS BIIN TUTORA,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-CV-5409** |
| | : | |
| **FIRST JUDICIAL DISTRICT** | : | |
| **OF PHILADELPHIA, *et al.*,** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**GOLDBERG, J.** **JANUARY 29, 2025**

Plaintiff Toleksis Biin Tutora, an individual in the custody of the Commonwealth of Pennsylvania, filed this *pro se* civil action against the First Judicial District of Philadelphia, the Philadelphia Sherriff's Department, a private attorney, and employees of the Philadelphia Probation Department's Mental Health Unit. (*See* Compl., ECF No. 1.) The Court ordered Tutora to either file a motion to proceed *in forma pauperis* or pay the filing fee to commence his civil case. (*See* ECF No. 3.) Tutora then filed an Amended Complaint, adding numerous Defendants, and a motion to proceed *in forma pauperis*. (*See* ECF Nos. 5, 6.) Because Tutora has obtained three prior "strikes" and has not alleged an imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915(g), the Court will deny leave to proceed *in forma pauperis* and require that Tutora pay the full filing fee if he wishes to continue with the case.[1]

[1] Tutora provided a civilian address for himself in his initial Complaint (*See* ECF No. 1 at 1). However, his submissions reveal that he was held at Norristown State Hospital at the time of filing his Complaint. (*See id.* at 5 (envelope bearing return address)). Publicly available court records reflect that he was convicted of criminal offenses in state court and is an involuntarily committed patient on the basis that he violated the terms of his probation, so he is subject to the provisions of the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(h); *see also Commonwealth v. Tutora*, CP-51-CR-0011617-2016 (C.P. Phila.).

## I. FACTUAL ALLEGATIONS

Tutora asserts claims for money damages and injunctive relief against the Defendants. (Am. Compl. at 1-2.) Although his Amended Complaint is difficult to follow, the Court understands him to allege due process violations related to the adjudication of his probationary and confinement status. (*See id.*) He seeks $13 million in damages and an order releasing him "to the Veterans Hospital." (*Id.* at 2.)

## II. STANDARD OF REVIEW

The *in forma pauperis* statute, 28 U.S.C. § 1915, allows indigent litigants to bring an action in federal court without prepayment of filing fees, ensuring that such persons are not prevented "from pursuing meaningful litigation" because of their indigence. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (internal quotation marks omitted). But, as Congress has recognized, people who obtain *in forma pauperis* status are "not subject to the same economic disincentives to filing meritless cases that face other civil litigants," and thus the provision is susceptible to abuse. *Id.* (citing 141 Cong. Rec. S7498-01, S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)).

"[I]n response to the tide of substantively meritless prisoner claims that have swamped the federal courts," Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996. *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quoting *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000)) (internal quotation marks omitted), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). Among other things, the PLRA implemented the so-called "three strikes rule," which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious,

> or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). Thus, according to § 1915(g), a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar*, 239 F.3d at 310-11. Courts must consider a *pro se* prisoner's allegations of imminent danger "under our liberal pleading rules, construing all allegations in favor of the complainant." *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998). A strike under § 1915(g) "will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "A strike-call under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-25 (2020), *abrogating Millhouse v. Heath*, 866 F.3d 152, 161 (3d Cir. 2017).

## III. DISCUSSION

### A. Tutora Has Accumulated Three Strikes.

The Court concludes that Tutora has accumulated at least three strikes for purposes of § 1915(g). In *Tutora v. Peng*, No. 10-6090 (W.D.N.Y.), Tutora filed a complaint while housed at the Broome County Correctional Facility in Binghamton, New York. That complaint was dismissed by order dated May 14, 2010, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1), because it was frivolous and failed to state a claim to relief. *See* Order, No. 10-6090

(W.D.N.Y. May 14, 2010), ECF No. 9. The dismissal of that case in its entirety on enumerated statutory grounds constitutes a strike under § 1915(g).

In *Tutora v. WikiLeaks, Inc.*, No. 10-9286 (S.D.N.Y.), Tutora filed a complaint while housed at the Fishkill Correctional Facility in Beacon, New York. That complaint was dismissed by order dated February 3, 2011, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim. *See* Order, No. 10-9286 (S.D.N.Y. Feb 3, 2011), ECF No. 3. The dismissal of that case in its entirety constitutes a second strike for purposes of § 1915(g).

In *Tutora v. N.Y. State Comm'r of Corrs. & Accreditation*, No. 10-206 (N.D.N.Y.), Tutora filed a complaint while housed at the Broome County Correctional Facility in Binghamton, New York. That complaint was dismissed by order dated February 4, 2011, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim to relief. *See* Decision & Order, No. 10-206 (N.D.N.Y. Feb. 4, 2011), ECF No. 14. The dismissal of that case in its entirety constitutes a third strike for purposes of § 1915(g).

The Court has also identified at least two other cases that may be counted as strikes for the purposes of § 1915(g). *See Tutora v. Soukthavong*, No. 10-332 (N.D.N.Y. Sept. 16, 2010); *Tutora v. M & T Bank*, No. 10-283 (N.D.N.Y. May 26, 2010).

**B. Tutora Does Not Allege Imminent Danger.**

Because Tutora has accumulated three strikes, he is "out" and can no longer proceed *in forma pauperis* in any federal court unless he can show that he is in imminent danger of serious physical injury at the time he brought this Complaint. The "imminent danger" exception to the three-strikes rule serves as a "safety valve" to ensure that a prisoner is not subject to serious injury due to his inability to pay a filing fee. *Ball*, 726 F.3d at 467. It "creates a narrow opening for a particular type of claim; it does not give prisoners . . . a license to swamp the court with claims

whenever they successfully state a claim of imminent danger." *Brown v. Lyons*, 977 F. Supp. 2d 475, 481-82 (E.D. Pa. 2013) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)). "Imminent dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar*, 239 F.3d at 315 (internal quotation marks omitted). Past dangers are not imminent dangers. *See Ball*, 726 F.3d at 467. Vague, general, or conclusory allegations are likewise insufficient to establish that a plaintiff is in imminent danger. *Id.* Finally, "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint." *Pettus*, 554 F.3d at 297; *see also Ball v. Hummel*, 577 F. App'x 96, 98 n.1 (3d Cir. 2014) (*per curiam*). In other words, the claimed imminent danger must relate to the legal claims the prisoner pursues. *Id.*; *see also Brown v. U.S. Dist. Ct., E. Dist.*, No. 13-7229, 2014 WL 1225878, at *1 (E.D. Pa. Mar. 25, 2014) ("In short, § 1915(g) requires two things: the allegation of imminent danger and a claim for relief that if granted will preclude the danger from becoming a reality.").

The Court finds that Tutora's allegations in this case do not meet the imminent danger standard of § 1915(g). Tutora does not explicitly assert that he is in imminent danger, nor do his allegations about purported errors in his probation proceedings rise to such a level. Because there is no suggestion in any of his claims that he was in imminent danger of serious physical injury at the time he brought this case, the imminent danger exception does not apply.

## IV. CONCLUSION

Because Tutora is a "three-striker" who is prohibited from proceeding *in forma pauperis* unless he is in imminent danger of serious physical injury at the time of filing, and since he was not in imminent danger when he submitted this Complaint, his motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) is denied. Should Tutora desire to litigate his claims, he

must pay the full filing fee in advance. An appropriate Order follows, which gives Tutora an opportunity to pay the fees in the event he wishes to proceed with this case.[2] If Tutora intended to challenge the constitutionality of a state conviction or sentence and seek release from state custody, he must file a petition for a writ of *habeas corpus* using the Court's form (which would be docketed as a new case) and withdraw this case.[3]

**BY THE COURT:**

***/s/ Mitchell S. Goldberg***

**MITCHELL S. GOLDBERG, J.**

[2] If Tutora pays the filing fee, since he is a "prisoner" within the meaning of § 1915(h), the case is still subject to statutory screening pursuant to 28 U.S.C. § 1915A.

[3] To the extent Tutora challenges a state conviction and seeks release from custody, his claims must be pursued in a *habeas* petition under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").